# IN THE COURT OF APPEALS OF IOWA

No. 15-1870
Filed July 6, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ANTHONY MICHAEL SANDERS,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Anthony Michael Sanders appeals his mandatory lifetime special sentence, claiming it violates his constitutional rights. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Mullins, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Anthony Michael Sanders appeals his mandatory lifetime special sentence, imposed pursuant to Iowa Code section 903B.1 (2013), resulting from his conviction of lascivious acts with a child, a class "C" felony, in violation of Iowa Code section 709.8(2)(a) (2007), a crime he committed while a juvenile. Sanders claims the imposition of lifetime parole under section 903B.1 on a juvenile constitutes cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution and article I, section 17 of the Iowa Constitution, relying upon the categorical differences between adult and juvenile offenders. Sanders also claims the mandatory imposition of this special sentence, as statutorily required, violates *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014), by divesting a district court of its discretion to impose a lesser sentence.

Our supreme court recently addressed this issue in *State v. Graham*, ___ N.W. 2d ___, ___, 2017 WL 2291386, at *10 (Iowa 2017), and reaffirmed that lifetime special sentences under section 903B.1 do not categorically constitute cruel and unusual punishment, even when imposed upon criminal defendants who were juveniles at the time they committed the offense. Thus, we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(c).

**AFFIRMED.**